**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4244**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ANTONIO LAMONT PRIESTER, a/k/a Papa,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:09-cr-00501-JFA-9)

Submitted:  January 20, 2022               Decided:  January 24, 2022

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David A. Brown, Sr., DABROWNLAW, LLC, Rock Hill, South Carolina, for Appellant. Stacey Denise Haynes, Assistant United States Attorney, Columbia, South Carolina; Martin L. Holmes, Jr., Assistant United States Attorney, Charleston, South Carolina, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Lamont Priester appeals the district court's judgment revoking his supervised release and sentencing him to 52 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether sufficient evidence supported Priester's violation for use/possession of illegal drugs and whether Priester's sentence is reasonable. The Government has declined to respond. Although notified of his right to file a pro se supplemental brief, Priester has not done so. We affirm.

We review the district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A district court need only find a supervised release violation by a preponderance of the evidence. *Id.* at 191 (citing 18 U.S.C. § 3583(e)(3)). Based on our review of the record, we conclude that there was ample evidence adduced at the revocation hearing to support the challenged violation. Moreover, Priester did not contest four additional alleged supervised release violations, including a Grade A violation for new criminal conduct arising from a state charge for trafficking crack cocaine. Accordingly, the district court did not abuse its discretion in revoking Priester's supervised release. *See* 18 U.S.C. § 3583(e); U.S. Sentencing Guidelines Manual § 7B1.3(a)(1), p.s. (2009) ("Upon a finding of a Grade A . . . violation, the court shall revoke probation or supervised release.").

Next, counsel questions whether Priester's sentence is reasonable. "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal

2

quotation marks omitted). Priester's sentence does not exceed the applicable statutory maximum. Accordingly, the remaining question is whether the sentence is plainly unreasonable. "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (alteration in original; internal quotation marks omitted). Thus, in considering "whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.*

A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors. *Id.*; *see* 18 U.S.C. § 3583(e). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

We conclude that Priester's sentence is procedurally and substantively reasonable. The district court correctly identified his policy statement range, considered the relevant

3

statutory factors, acknowledged Priester's mitigation arguments, and gave sufficiently detailed reasons for selecting its within-range sentence. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Priester, in writing, of the right to petition the Supreme Court of the United States for further review. If Priester requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Priester.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*